# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, *individually and on behalf of similarly situated persons,* | Case No. 1:23-cv-01081 |
| Plaintiff, | Hon. |
| v. | Jury Demanded |
| D V Kalamazoo, LLC, d/b/a Little Darlings and Cinema Theatre of Kalamazoo, Inc., d/b/a Deja Vu Showgirls, | |
| Defendants. | |

David M. Blanchard (P67190)
Kelly R. McClintock (P83198)
BLANCHARD & WALKER PLLC
*Attorneys for Plaintiff Jane Doe*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
mcclintock@bwlawonline.com

## CLASS AND COLLECTIVE COMPLAINT AND JURY DEMAND

Plaintiff Jane Doe ("Plaintiff"), individually and on behalf of all others similarly situated, based upon investigation of counsel and personal knowledge, alleges as follows:

## NATURE OF THE CASE

1. Defendants own and operate adult entertainment clubs known as Deja Vu Showgirls and Little Darlings.

2. Plaintiff worked for Defendants.

3. Plaintiff worked as a dancer from around September 2019 to October 2022 and worked as a server at Little Darlings.

4. Defendants denied Plaintiff minimum wage by wrongfully classifying Plaintiff and other workers as "independent contractors" to evade minimum wage laws. Plaintiff received tips from Defendants' customers from which she was required to pay kickbacks to Defendants.

5. While working as a server, Defendants did not pay Plaintiff the minimum wage under state and federal law. Instead, Defendants paid sub-minimum wage utilizing a "tip-credit system"—a system for which they did not qualify.

6. Plaintiff brings this lawsuit individually under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ *et seq.* and as a FED. R. CIV. P. 23 class action under the Michigan Minimum Wage Law applicable over the relevant time period (*e.g.*, the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL 408.411 *et seq.*, and the Michigan Improved Workforce Opportunity Wage Act ("IWOWA"), MCL 408.931 *et seq.*) (collectively, "Michigan Minimum Wage Law") against Defendants for damages resulting from Defendants' failure to pay minimum wage.

## JURISDICTION AND VENUE

7. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question jurisdiction).

8. This Court maintains jurisdiction over Plaintiff's Michigan Minimum Wage Law claim under 28 U.S.C. § 1367 (pendent claims), MCL 408.419(1)(a), and MCL 408.939(a)(1).

9. Venue in this district is proper under 28 U.S.C. § 1391 because Defendants operate in this district, Defendants employed Plaintiff and the putative class and collective members in this district, and because all or a substantial part of the events giving rise to the claims herein occurred in this District.

## PARTIES

10. Plaintiff is an individual adult resident of the State of Michigan. At all relevant times, Defendants have employed Plaintiff, and Plaintiff qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1). Plaintiff consents to this action. *See* **Exhibit 1**.

11. Plaintiff Jane Doe files this action and seeks to proceed anonymously because: (a) she fears retaliation by Defendants; (b) she wishes to preserve her right to privacy; (c) there is a significant social stigma attached to her occupation as an

exotic dancer; (d) there is an inherent amount of risk associated with Doe's profession and she fears that disclosure of her legal name and address may subject her to risk of injury by current and former patrons; and (e) in addition to the fear of retaliation by Defendants, she would be hesitant to maintain this action enforcing fundamental employment rights if her name was to be forever associated with Defendants.

12.   Defendants identify the exotic dancers they employ using fictitious stage names, so there is no prejudice to Defendants if Jane Doe files this action under a fictitious name and proceeds anonymously.

13.   The identity of Jane Doe will be disclosed to Defendants privately in order to allow them to assess and defend the claims. Therefore, there are no due process concerns with Doe proceeding anonymously.

14.   D V Kalamazoo, LLC d/b/a Little Darlings is a Michigan company maintaining its principal place of business in Kalamazoo, Michigan. which is located within the Western District of Michigan. At all times mentioned herein, D V Kalamazoo, LLC was an "employer" or "joint employer" of Plaintiff and the putative class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

15.   Cinema Theatre of Kalamazoo, Inc. d/b/a Deja Vu Showgirls is a Michigan company maintaining its principal place of business in Kalamazoo,

Michigan. which is located within the Western District of Michigan. At all times mentioned herein, Cinema Theatre of Kalamazoo, Inc. was an "employer" or "joint employer" of Plaintiff and the putative class under the broad definitions in the FLSA and Michigan Minimum Wage Law.

## GENERAL ALLEGATIONS

*Defendants' Exotic Dancing Business*

16. Defendants operate adult entertainment facilities located at 1336 Ravine Rd., Kalamazoo, MI 49004.

17. Plaintiff began working as a dancer for Defendants around October 2019.

18. Plaintiff's primary duties as a dancer were to dance and entertain customers for their enjoyment. Plaintiff performed stage, floor, or couch dances or entertained customers in a VIP room.

19. Defendants employ exotic dancers who all have the same primary job duty and were misclassified when they were unlawfully treated as "independent contractors."

20. At all material times, Defendants were Plaintiff's and the putative class's "employer(s)" or "joint employer(s)."

*Defendants' Dancer Pay Practices*

21. Defendants failed to pay minimum wages to the dancers they employed.

22. Defendants exerted significant power and control over Plaintiff during her shifts. Defendants required Plaintiff to pay a specific amount in rent depending on what time her shift started.

23. Defendants required Plaintiff to get dressed before clocking in for the night.

24. During each shift, Defendants created a rotation that dictated which stage Plaintiff had to be on and the time she had to be on each stage. If Plaintiff did not adhere to the rotation schedule, Defendants would fine her.

25. Defendants required Plaintiff to pay them a fee for each dance she performed, whether on the stage, floor, couch or VIP room.

26. Defendants set prices for all VIP performances.

27. Defendants created private rooms for their dancers to perform in, including a massage room and a hot tub room. Defendants set all prices for the private rooms, and customers choosing to use the private rooms paid Defendants for the dance.

28. Although Defendants put cameras in the private rooms, they did not monitor the camera footage until after the night was over. Defendants were aware of and allowed sexual harassment and assault to occur in the private rooms, including against Plaintiff.

29. Defendants dictated the level of nudity for all stage, couch, floor, or

VIP performances. If Plaintiff did not adhere to Defendants' nudity policy, Defendants would fine her.

30.     Defendants had the authority to suspend, fine, fire, and discipline dancers for non-compliance with their rules and policies.

31.     Defendants did actually suspend, fine, fire, or otherwise discipline dancers for not complying with their rules and policies. Defendants did in fact suspend or fire dancers, including for failing to perform enough dances, or failing to remove enough clothes.

32.     Defendants never paid Plaintiff for any of the hours she worked for them.

33.     Defendants directed, controlled, and paid for all advertising and marketing efforts and investments undertaken to market their exotic dancing establishment and generate cutomers.

34.     Defendants paid for the building, maintenance of the facility, the sound system, stages, lights, beverages, and inventory used by Defendants at the facility.

35.     Defendants made all personnel decisions about the wait staff, security, dancers, managers, and all other employees.

36.     Defendants' opportunity for profit and loss far exceeded Plaintiff's opportunity for profit and loss from work at Deja Vu Showgirls and Little Darlings.

37.     Nude and semi-nude dancing is an integral part of Defendants'

7

operations. Defendants' advertising and marketing efforts display nude dancing for their customers. Deja Vu Showgirls and Little Darlings are well known as "strip clubs."

38. Defendants need dancers to successfully operate their business model and maintain profits.

39. The position of dancer requires no special skills, expertise, or education (formal or otherwise).

40. Plaintiff never took any dancing classes or received any formal training before working for Defendants.

41. Defendants willfully refused to pay Plaintiff in violation of the FLSA. Defendants' payment policies were not based on a good faith and reasonable belief that they complied with the FLSA. Defendants mischaracterized Plaintiff as an independent contractor solely to avoid paying her as required under the FLSA and Michigan law. The fees and fines described therefore constitute illegal "kickbacks" to Defendants under the FLSA. Plaintiff is entitled to restitution of the illegal kickbacks.

42. Defendants failed to maintain payroll records, including information regarding wages, fines, fees, tips, and gratuities and/or service charges paid or received by dancers.

43. Defendants are Plaintiff's "employer" because they act "directly or

8

indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

***Defendants' Food Service Pay Practices***

44. When they worked as servers, Plaintiff and other similarly situated individuals, including putative collective and class members, were customarily tipped employees.

45. When Plaintiff's tips were insufficient to bring her to the minimum wage, Defendants did not adjust her hourly rate to reach minimum wage.

46. Defendants did not consistently require the tipped employees to sign any acknowledgment of their tips received before issuing paychecks.

47. As a result of these violations, Defendants did not qualify to use the tip-credit provisions of the FLSA or Michigan Minimum Wage Law.

48. Defendants did not pay Plaintiff and the putative collective and class members the minimum wage required for non-tipped employees.

49. Defendants knowingly and willfully refused to pay Plaintiff lawfully under the FLSA.

50. Defendants' payment policies were not based on a good faith and reasonable belief that they complied with the FLSA.

51. Defendants are the "employer" of Plaintiff and the putative collective and class because they act "directly or indirectly in the interest of an employer in

relation to an employee." 29 U.S.C. § 203(d).

## FLSA COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff brings Count I of this Complaint as an "opt-in" collective action on behalf of herself and the following class of similarly situated dancers:

> All of Defendants' current and former exotic dancers who worked for Defendants in Kalamazoo, Michigan at any time starting three years before the Original Complaint in this matter was filed.

53. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

54. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees the federal minimum wage.

55. Plaintiff and all of Defendants' exotic dancers are similarly situated in that:

    a. Plaintiff and the Collective have worked as exotic dancers for Defendants;

    b. Plaintiff and the Collective were subject to the same pay policies and practices of Defendants;

    c. Defendants did not pay minimum wages due to Plaintiff and the Collective;

d. Plaintiff and the Collective received tips while working as exotic dancers for Defendants; and

e. Plaintiff and the Collective were misclassified as "independent contractors."

56. The similarly situated individuals are known to Defendants, are readily identifiable, and can easily be located through Defendants' records.

57. These similarly situated employees may be readily notified of this action through U.S. Mail and/or electronic means and/or workplace posting, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, and all other recovery allowed or required under the FLSA.

### **CLASS ACTION ALLEGATIONS – STATE MINIMUM WAGE**

58. Plaintiff brings Count II of this lawsuit pursuant to FED. R. CIV. P. 23 on behalf of herself and as the Class Representative of the following persons:

> All of Defendants' current and former exotic dancers who worked for Defendants in Kalamazoo, Michigan at any time starting three years before the Original Complaint in this matter was filed.

59. Count II, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out.

60. Plaintiff's state law claim asserted in Count II satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of

a class action pursuant to FED. R. CIV. P. 23.

61. The Class sought in Count II satisfies the numerosity requirement as it consists of at least one hundred workers. Therefore, joinder of all Class members in a single action is impracticable.

62. Questions of fact and law common to the Class sought in Count II predominate over any questions affecting only individual members. These questions of law and fact common to the Class arising from Defendants' actions include but are not limited to:

    a. Whether they have worked as an exotic dancer for Defendants;

    b. Whether they performed the same or similar work;

    c. Whether Defendants exerted authority over their work schedules;

    d. Whether Defendants subjected them to the same pay policies and practices;

    e. Whether they received tips while working as an exotic dancer for Defendants;

    f. Whether Defendants paid them minimum wages; and

    g. Whether Defendants misclassified them as "independent contractors" or tip-credit employees.

63. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations

of consistency, efficiency, economy, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claim.

64. Plaintiff's claims are typical of those of the Class sought in Count II in that:

    a. Plaintiff and the Class have worked as exotic dancers for Defendants;

    b. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

    c. Defendants did not pay minimum wages to Plaintiff and the Class;

    d. Plaintiff and the Class received tips while working as exotic dancers for Defendants; and

    e. Plaintiff and the Class were misclassified as "independent contractors" or tip-credit employees.

65. Plaintiff is an adequate representative of the Dance Class sought in Count II because she is a member of the Class and her interests do not conflict with the interest of the members of the Class she seeks to represent. The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

66. Maintenance of the claim asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the

controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

67. It would be impracticable and undesirable for each member of the Dance Class sought in Count II who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

## COUNT I
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO FLSA, 29 U.S.C. § 206
*On Behalf of Plaintiff and the FLSA Collective*

68. Plaintiff hereby incorporates by reference and reasserts the allegations set forth above.

69. Defendants are subject to the FLSA's minimum wage requirements because they form an enterprise engaged in interstate commerce and their employees are engaged in commerce.

70. Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff.

71. Plaintiff does not qualify as an employee exempt from minimum wage obligations under 29 U.S.C. § 213.

72. Defendants required Plaintiff to pay monetary fees to Defendants.

73. Defendants required Plaintiff to pay fees to Defendants in violation of the "free and clear" requirement of 29 C.F.R. § 531.35.

74. Defendants knew or should have known that their pay policies, practices, and methodology result in failure to compensate their exotic dancers at the federal minimum wage.

75. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in the amount equal to the amount of unpaid wages.

76. As a result of the willful violations of the FLSA's minimum wage provisions, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

77. Plaintiff seeks judgment against Defendants and requests compensation for unpaid wages, liquidated damages, attorneys' fees and costs, pre-judgment and post-judgment interest as provided by law, and such other relief as the Court deems fair and equitable.

## COUNT II
### FAILURE TO PAY MINIMUM WAGE PURSUANT TO MICHIGAN MINIMUM WAGE LAW
*On Behalf of Plaintiff and the Class*

78.  Plaintiff hereby incorporates by reference and reasserts the allegations set forth above.

79.  Michigan Minimum Wage Law provides that "[a]n employer shall not pay any employee at a rate that is less than prescribed…." MCL 408.413; MCL 408.933.

80.  The WOWA requires employers to pay employees a minimum hourly wage. MCL 408.414(1). The IWOWA also requires employers to pay employees a minimum hourly wage. *See* MCL 408.934(1).

81.  At all relevant times, Plaintiff and the Dance Class Members were "employees" of Defendants as defined by Michigan Minimum Wage Law. MCL 408.412(d); MCL 408.932(c).

82.  At all relevant times, Plaintiff and the Dance Class Members have been entitled to the rights, protections, and benefits provided by the Michigan Minimum Wage Law.

83.  As described in the preceding paragraphs, Defendants have failed and refused to pay Plaintiff and the Class Members the state minimum wage.

84.  Defendants, pursuant to their policy and practice, violated the Michigan Minimum Wage Law by failing and refusing to pay state minimum wage for all

hours worked by Plaintiff and the Class Members.

85. Plaintiff and the Class Members have been subjected to a uniform and employer-based policy. This uniform policy, in violation of the Michigan Minimum Wage Law, has been applied, and continues to be applied, to all dancers employed at Deja Vu Showgirls and Little Darlings.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the proposed Collective and Class Members seek the following relief:

A. An Order permitting Count I of this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the proposed Collective;

C. An Order permitting Count II of this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23;

D. An Order appointing Plaintiff's attorneys as Class Counsel;

E. Back pay damages (including all unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

F. Liquidated damages to the fullest extent permitted under the law;

G. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

H. Such other and further relief as this Count deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Kelly R. McClintock (P83198)
BLANCHARD & WALKER PLLC
*Attorneys for Plaintiff Jane Doe*
221 North Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com

Dated: October 11, 2023    mcclintock@bwlawonline.com